IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>DEAN FOODS COMPANY, *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 19-36314 (DRJ)<br><br>(Jointly Administered) |
| Daniel H. Golden, as Liquidating Trustee of the DFC Liquidating Trust,<br><br>                              Plaintiff,<br><br>vs.<br><br>Wipro LLC,<br><br>                              Defendant. | Adv. No. 21-03787 |

**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST WIPRO LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The debtors or liquidating debtors in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Dean Foods Company (9681) and Dean Holding Company (8390). The liquidating debtors' mailing address is: Daniel H. Golden, Trustee, Dean Foods Company Estate & Liquidating Trust, In Care of BRG, 250 Pehle Avenue, Suite 301, Saddle Brook, NJ 07663, Attn: Rick Wright.

**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT** – Page 1 of 8

TO THE HONORABLE DAVID R. JONES, U.S. BANKRUPTCY JUDGE:

COMES NOW Daniel H. Golden, as Liquidating Trustee of the DFC Liquidating Trust ("Plaintiff" or "Trustee") in the above-captioned chapter 11 case, and files this Motion for Entry of Default and Default Judgment (the "Motion") and in support thereof would show as follows:

**Bankruptcy Case Background**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In addition, Plaintiff confirms his consent, pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of the Debtors' chapter 11 cases and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are sections 547, 548, and 550 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001.

5. On November 12, 2019 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

6. On November 12, 2019, the Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases under the original lead case captioned *In re*

*Southern Foods Group, LLC, et al.* pursuant to Bankruptcy Rule 1015(b). [Case No. 19-36313, D.I. 9].

7.  On March 17, 2021, the Court entered an order confirming the *First Amended Joint Chapter 11 Plan of Liquidation of Southern Foods Group, LLC, Dean Foods Company, and Their Debtor Affiliates* (the "**Confirmation Order**" and "**Plan**," respectively).[2] [Case No. 19-36313, D.I. 3565].

8.  On May 25, 2021, the Court entered the *Final Decree and Order (I) Closing Certain Chapter 11 Cases, (II) Terminating Certain Claims and Noticing Services, (III) Amending the Order Directing Joint Administration of Chapter 11 Cases, and (IV) Granting Related Relief* which, among other things, provided that (i) Dean Foods Company and Dean Holding Company (together, the "**Remaining Debtors**"), the Liquidating Trustee, and the Liquidating Trust each (a) remain a representative of each of the Closing Debtors[3] and their estates for purposes of section 1123(b)(3)(B) of the Bankruptcy Code and (b) retain all rights, interests, powers, and authorities relating to the Liquidation Trust Assets (as defined in the Plan), including, for the avoidance of doubt, all Causes of Action; and (ii) directed that the Remaining Debtors' cases shall remain open and shall be jointly administered under Case No. 19-36314 of Dean Foods Company [Bankr. Case No. 19-36313, D.I. 4057].

9.  The effective date of the Plan (the "**Effective Date**") occurred on May 28, 2021. [Bankr. Case No. 19-36313, D.I. 4063; Bankr. Case No. 19-36314, D.I. 26]. In accordance with the Plan and Confirmation Order, the DFC Liquidating Trust (the "**Trust**") was established as of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or Liquidating Trust Agreement. *See* Case No. 19-36313, D.I. 3557-1.

[3] The Closing Debtors are all of the Debtors that were jointly administered under Case No. 19-36313 other than the Remaining Debtors. The list of Debtors can be found at https://dm.epiq11.com/case/southernfoods/info.

the Effective Date of the Plan, and the Debtors and the Trustee entered into that certain Liquidating Trust Agreement. [Bankr. Case No. 19-36313, D.I. 4065; Bankr. Case No. 19-36314, D.I. 27]

10. Pursuant to paragraph 8 of the Confirmation Order and Article IV, Section A of the Plan, the Liquidating Trust Assets, including Avoidance Actions arising under chapter 5 of the Bankruptcy Code, were transferred to the Trust. [Bankr. Case No. 19-36313, D.I. 3565].

11. Pursuant to the Plan, Confirmation Order, and Liquidating Trust Agreement, Plaintiff was appointed as the Trustee. Plaintiff is authorized and has standing, among other things, to prosecute, compromise, settle, abandon, dismiss, or otherwise dispose of causes of action under chapter 5 of the Bankruptcy Code. Pursuant to Article V, Section C of the Plan, the Trustee shall be automatically substituted or supplemented as a real party in interest in any litigation commenced prior to the Effective Date by the Debtors.

## Adversary Proceeding Background and Default Status

12. Plaintiff[4] filed the complaint (the "Complaint") commencing this adversary proceeding on July 19, 2021. In the Complaint, Plaintiff asserted a claim against Wipro LLC (the "Defendant") for avoidance of preference period transfers under 11 U.S.C. § 547, or in the alternative as fraudulent conveyances under 11 U.S.C. § 548, and recovery of the avoided transfers under 11 U.S.C. § 550 in the amount of $80,044.74, plus costs in the sum of $350.00, for a total judgment in the sum of $80,394.74.

13. As the Clerk issued a summons to the Defendant on July 22, 2021, an answer or response was due 30 days thereafter pursuant to Fed. R. Bankr. P. 7012.

---

4 Or the Debtors as the Trustee's predecessor in interest, as applicable.

**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT – Page 4 of 8**

14. On July 27, 2021, Plaintiff's counsel caused the Defendant to be served via U.S. Mail with the summons and Complaint in this action in accordance with Fed. Rule Bankr. P. 7004(b). Attached hereto as **Exhibit A** is the Certificate of Service filed with the Court and is incorporated herein by this reference.

15. To date, the Defendant has not filed any answer or other responsive pleading with the Court. The time within which the Defendant may answer or otherwise move with respect to the Complaint as provided by the Summons, Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any applicable orders entered in the Adversary Proceeding herein has expired. Defendant has not answered or otherwise moved with respect to the Complaint, and the time for Defendant to do so has not been extended. The Summons and Complaint have not been returned by the United States Post Office, nor has Plaintiff received any other notification that the Defendant was not served.

16. The Clerk of Court may enter default against a party who has not filed a responsive pleading or otherwise defended the suit. Plaintiff is entitled to entry of default and requests that the Clerk of Court enter default against Defendant since Defendant failed to answer or otherwise respond to Plaintiff's Complaint.

17. Defendant is a business entity and therefore is not an infant, incompetent person, or subject to the protection provided by the Soldiers and Sailors Civil Relief Act 1940 (50 U.S.C. App. § 520).

**Facts Concerning Transfers**

18. Plaintiff is entitled to relief against Defendant because Defendant received transfers totaling $80,044.74 (the "Transfers"), and such Transfers are avoidable pursuant to 11 U.S.C. § 547(b) for the reasons set forth in the Complaint.

19. The facts concerning the details of the Transfers are discussed in the Complaint and the Declaration[5] of Daniel H. Golden, incorporated herein by reference and attached as **Exhibit B**.

**Request for Entry of Default and Default Judgment**

20. Defendant has failed to file with this Court a written response to the Complaint within the period prescribed by Federal Rule of Bankruptcy Procedure 7012. The Plaintiff's allegations are deemed admitted.

21. Based upon the Defendant's failure to plead or otherwise defend in this proceeding as required by law, the Plaintiff requests that the Court enter the proposed order attached hereto as **Exhibit C,** entering default and judgment by default against the Defendant as demonstrated by this Motion and the sworn Declaration of Daniel H. Golden.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests that the Court, pursuant to Federal Rule of Bankruptcy Procedure 7055, enter default and judgment by default against the Defendant in the above-captioned adversary proceeding in the amount of $80,044.74, plus costs in the sum of $350.00, for a total judgment in the sum of $80,394.74, and grant such other and further relief to which the Plaintiff may be justly entitled.

---

[5] Pursuant to 28 U.S.C. § 1746, "Wherever, under any law of the United States or under any rule…any matter is required or permitted to be supported, evidenced, established, or proved by…affidavit… such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration…"

DATED:  April 21, 2022	**ASK LLP**

By: /s/ *Kara E. Casteel*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0389115
Nicholas C. Brown, Esq., NC SBN 38054
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 289-3867
Fax: (651) 406-9676
Email: nbrown@askllp.com

*Attorneys for Plaintiff*

**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT** – Page 7 of 8

# EXHIBIT A

B2500A (Form 2500A) (12/15)

## CERTIFICATE OF SERVICE

I, Jennifer Hepola, certify that service of this summons, a copy of the complaint and Notice of Deadlines For Second Wave of Complaints Governed By Order Establishing Procedures Governing Certain Adversary Proceedings Commenced By the Debtors Pursuant to 11 U.S.C. §§ 547, 548, 549, and 550 was made on July 27, 2021, by:

☒ Mail Service: By Regular, first class United States mail, and postage fully pre-paid, addressed to:

<u>Registered Agent for Defendant</u> [via Regular Mail]
Corporation Service Company
112 North Curry Street
Carson City, Nevada 89703

<u>Defendant</u> [via Regular Mail]
Nallathur S. Balasubramanian, Officer
Wipro LLC
2 Tower Center Bouelvard, Suite 2200
East Brunswick, New Jersey  08816

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the forgoing is true and correct.

Date: <u>July 27, 2021</u>          Signature: <u>*/s/ Jennifer Hepola*</u>
          Date

                    Print Name:          Jennifer Hepola
                    Business Address:    2600 Eagan Woods Drive, Suite 400
                                         St. Paul, Minnesota  55121

No: 2246967 Stat: - Answ: /*

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>DEAN FOODS COMPANY, *et al.*,<br><br>　　　　　　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 19-36314 (DRJ)<br><br>(Jointly Administered) |
| Daniel H. Golden, as Liquidating Trustee of the DFC Liquidating Trust,<br>　　　　　　　　　　　　　　　Plaintiff,<br>vs.<br>Wipro LLC,<br>　　　　　　　　　　　　　　　Defendant. | Adv. No. 21-03787 |

## DECLARATION OF DANIEL H. GOLDEN

I, Daniel H. Golden, hereby declare[2] that the following is true and correct to the best of my knowledge, information, and belief:

1.　　I am the Liquidating Trustee (the "Plaintiff" or "Trustee") of the DFC Liquidating Trust, which was formed pursuant to the confirmed plan of reorganization[3] entered in the bankruptcy cases filed by Dean Foods Company, *et al.* (the "Debtors"). I am also the Plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding").

---

[1] The debtors or liquidating debtors in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Dean Foods Company (9681) and Dean Holding Company (8390). The liquidating debtors' mailing address is: Daniel H. Golden, Trustee, Dean Foods Company Estate & Liquidating Trust, In Care of BRG, 250 Pehle Avenue, Suite 301, Saddle Brook, NJ 07663, Attn: Rick Wright.

[2] Pursuant to 28 U.S.C. § 1746, "Wherever, under any law of the United States or under any rule…any matter is required or permitted to be supported, evidenced, established, or proved by…affidavit… such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration…"

[3] See order confirming the *First Amended Joint Chapter 11 Plan of Liquidation of Southern Foods Group, LLC, Dean Foods Company, and Their Debtor Affiliates* Case No. 19-36313, D.I. 3565.

1

2. I am authorized to make this declaration and I provide this declaration in support of Plaintiff's Motion for an Entry of Default and Default Judgment filed in the Adversary Proceeding (the "Motion").

3. As the Trustee of the DFC Liquidating Trust, I am the custodian of records for records of the Debtors that were transferred to the DFC Liquidating Trust ("DFC Records"), including records of payments made by the Debtors in the 90-day period prior to the petition date (the "Preference Period") and the transfers at issue herein. In that capacity, I am familiar with the DFC Records at issue herein.

4. Based upon the DFC Records, I am informed and believe Wipro LLC (the "Defendant") received not less than $80,044.74 in transfers (the "Transfers") from one of more of the Debtors during the Preference Period. A list of the Transfers is included as Exhibit A to the complaint (the "Complaint") filed in this Adversary Proceeding.

5. Defendant did not answer or otherwise respond to the Complaint within the time required by the Federal Rules of Civil Procedure or the Federal Rule of Bankruptcy Procedure.

6. As more completely set out in the Complaint and the Motion, the Transfers are subject to avoidance and recovery under sections 547 and 550 of the Bankruptcy Code. Accordingly, the Plaintiff now respectfully requests that the Court enter entry of default and default judgment in favor of the Plaintiff and against the Defendant in the amount of $80,394.74, representing the amount of the Transfers plus the $350.00 filing fee incurred in instituting this action.

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on April 20, 2022.

_____
Daniel H. Golden

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>DEAN FOODS COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-36314 (DRJ)<br><br>(Joint Administered) |
| Daniel H. Golden, as Liquidating Trustee of the DFC Liquidating Trust,<br>Plaintiff,<br>vs.<br>Wipro LLC,<br>Defendant. | Adv. No. 21-03787 |

**ORDER ON MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST WIPRO LLC**

UPON consideration the Plaintiff's Motion for Entry of Default and Default Judgment against Wipro LLC (the "Defendant") filed herein by Daniel H. Golden, as Liquidating Trustee of the DFC Liquidating Trust ("Plaintiff" or "Liquidating Trustee") in the above-captioned chapter 11 case, and the Court, after considering same, the declaration and other evidence on file, finds that the record supports entry of default and default judgment, and mandates as follows: It is

---

[1] The debtors or liquidating debtors in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Dean Foods Company (9681) and Dean Holding Company (8390). The liquidating debtors' mailing address is: Daniel H. Golden, Trustee, Dean Foods Company Estate & Liquidating Trust, In Care of BRG, 250 Pehle Avenue, Suite 301, Saddle Brook, NJ 07663, Attn: Rick Wright.

1

**ORDERED, ADJUDGED AND DECREED** that all factual allegations set forth in the Complaint shall be and hereby are deemed **ADMITTED** due to the Defendant's failure to timely answer the Complaint.  It is further

**ORDERED** that default is entered against the Defendant. It is further

**ORDERED** that judgment is entered against Defendant in the principal amount of $80,044.74. It is further

**ORDERED** that Plaintiff be and hereby is awarded costs in the amount of $350.00, for a total judgment in the sum of $80,394.74. It is further

**ORDERED** that Plaintiff be and hereby is awarded post-judgment interest on the foregoing amounts at ___% per annum from the date of entry of this judgment until paid. It is further

**ORDERED** that all claims filed by the Defendant or scheduled by Debtors in the bankruptcy cases jointly administered under Case No. 19-36313 are disallowed.

DATED this ___ day of _____, 2022.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 21, 2022, a true and correct copy of the foregoing was served by United States first class mail on the Defendant Wipro LLC, c/o Nallathur S. Balasubramanian, Officer, 2 Tower Center Bouelvard, Suite 2200, East Brunswick, New Jersey 08816.

>　　　　　　　　　　　　　　　　　*/s/ Kara E. Casteel*
>　　　　　　　　　　　　　　　　　Kara E. Casteel